152 July 1, 2026 No. 611

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNATHON ROBERT WAYNE SCOTT,
*Defendant-Appellant.*

Lane County Circuit Court
24CR68498; A187661

Beatrice N. Grace, Judge.

Submitted May 8, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction entered after defendant pleaded guilty to aggravated identity theft, ORS 165.803 and aggravated first-degree theft, ORS 164.057. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

After his pleas, the trial court dismissed a charge of first-degree forgery, ORS 165.013. Defendant was sentenced to the presumptive sentence of 24 months' probation with 20 days in jail on the identity theft charge, and on the theft charge, the court imposed a stipulated downward departure sentence of 36 months' probation with 56 days in jail. The court also entered a supplemental judgment awarding the bank that was the victim in the theft restitution of $17,822.88.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, we have identified no arguably meritorious issues. *See* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); ORS 138.105(8)(a) ("The appellate court has no authority to review: (A) A sentence that is within the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission."); ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant.").

Affirmed.